IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIDNEY ANDERSON,

    Plaintiff,                       No. CIV S-07-2460 GEB DAD P

    vs.

M. MARTEL,

    Defendant.                    FINDINGS AND RECOMMENDATIONS

_____/

        On November 15, 2007, plaintiff commenced this action by filing a Superior Court Petition alleging that his Eighth Amendment rights have been violated as a result of defendant's failure to protect him. Although plaintiff filed his allegations on a petition for writ of habeas corpus form, the court construed plaintiff's petition as a civil rights complaint and granted him thirty days leave to file a complaint that complied with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice and either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). In response to the court's order, plaintiff filed a letter insisting that his case should be considered a habeas corpus action, not a civil rights action.

        Plaintiff is advised that a petition for writ of habeas corpus is the proper mechanism only for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper

1

mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Plaintiff's claim that prison officials have failed to protect him and his request for protective custody, concern conditions of his confinement and therefore may be raised only in a civil rights action.

Upon further review of the court's own records, the court finds that on August 13, 2007, plaintiff filed a civil rights complaint containing similar allegations against the same defendant. (See Case No. Civ. S-07-1651 FCD CMK P).[1] In that civil rights action, plaintiff alleges that defendant Martel and others knew that another inmate posed a risk to his safety, but nonetheless allowed plaintiff and the other inmate to become engaged in an altercation, resulting in plaintiff being injured. Due to the duplicative nature of the present action, the court will recommend that this complaint be dismissed. If plaintiff desires additional relief from defendant Martel, plaintiff should seek leave to amend his complaint in Case No. Civ. S-07-1651 FCD CMK P.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

/////
/////
/////
/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
2  Cir. 1991).
3  DATED: January 17, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6  DAD:9
   ande2460.23